IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO ALONSO,

    Plaintiff,

v.                                                                                          No. 19-cv-0624 SMV/GBW

KALISCHATARRA[1] IRON & METAL NM, LLC
and LIBERTY IRON & METAL, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [Doc. 12], filed on August 8, 2019. Defendant Liberty Iron & Metal, Inc. ("Liberty") responded on August 22, 2019. [Doc. 15]. Plaintiff replied on September 5, 2019. [Doc. 16]. Defendant Kalischatarra Iron & Metal NM, LLC ("Kalischatarra") never responded, and no response from it is needed. The parties consented to have the undersigned conduct dispositive proceedings in this matter. [Doc. 10]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and shall be GRANTED.

## BACKGROUND

On May 8, 2019, Plaintiff, a 54-year-old Mexican-American man, sued two alleged employers (Liberty and Kalischatarra) for unlawfully firing him. [Doc. 1-1] at 12–14. He brings

---

[1] It is unclear to the Court whether Defendant's name is properly spelled "Kalischatarra" or "Kalischatara." Defendant Liberty Iron & Metal, Inc.'s CEO refers to it as the latter, while Liberty Iron & Metal, Inc.'s website refers to it as the former. *See* [Doc. 3-1] at 34, 50. In his Reply to Liberty's Motion to Dismiss, Plaintiff uses both spellings. *See id.* at 39–40, 44. Because the website refers to the company as "Kalischatarra," the Court will use this spelling.

three causes of action against Defendants. First, he alleges in Count I of his Complaint that Defendants (a) discriminated against him based on his race, national origin, and age, and (b) retaliated against him. *Id.* at 14. Count I does not indicate whether Plaintiff is suing under federal or state employment laws. *See id.* In Count II, he brings a claim for breach of an implied contract of employment. *Id.* at 14–15. In Count III, he brings a claim for prima facie tort. *Id.* at 15.

Liberty moved to dismiss the Complaint in state court on June 12, 2019, arguing, *inter alia*, that Plaintiff had failed to exhaust administrative remedies related to his employment-discrimination claims. [Doc. 3-1] at 26–29. Plaintiff responded in state court on June 27, 2019, *id.* at 39, arguing that he had exhausted all administrative remedies. He attached a copy of his Equal Employment Opportunity Commission ("EEOC") charge of discrimination to his Response. *Id.* at 42, 51. His EEOC charge alleged that he "was discriminated against . . . in violation of [two federal laws:] the Age Discrimination in Employment Act [ADEA] . . . and . . . Title VII of the Civil Rights Act of 1964." *Id.* at 51. He did not mention any state laws in his EEOC charge. Before filing a reply, Liberty removed the case to federal court on July 9, 2019, on the basis of federal-question jurisdiction. [Doc. 1] at 2. Liberty argues that the EEOC charge "now makes clear Plaintiff's complaint is for alleged violations of federal discrimination statutes." *Id.* Plaintiff filed the instant Motion to Remand on August 8, 2019. [Doc. 12].

## ANALYSIS

Plaintiff argues that no federal-question jurisdiction exists because he never pleaded any federal cause of action. *Id.* at 1–2. He claims, "This is, and always has been, an employment suit

under Chapter 21 of the Texas Labor Code and other common[-]law causes of action."[2]  *Id.* at 3. Plaintiff also argues that Defendant failed to timely remove the case because it filed the notice of removal more than 30 days after Plaintiff served the Complaint.  *Id.*

Liberty argues that federal-question jurisdiction[3] exists because Plaintiff's EEOC charge confirms that he sued Defendants under two federal employment laws (the ADEA and Title VII), and because he references "neither federal [n]or state law in his Complaint."  [Doc. 15] at 6–7. Liberty further argues that it timely removed the case because it was unaware that Plaintiff was pursuing a federal claim until Plaintiff filed a copy of the EEOC charge as an exhibit to his Response to the Motion to Dismiss.  *Id.* at 7–8.  Because the Court agrees with Plaintiff that federal-question jurisdiction does not exist, it need not decide whether Liberty timely removed the case.

**A.    The Court will remand the case because the EEOC charge does not provide a basis for removal and Plaintiff's Complaint presents no federal question on its face.**

Federal district courts have federal-question jurisdiction over all actions arising under federal law.  28 U.S.C. § 1331 (2018).  If an action filed in state court arises under federal law, the defendant may remove the case to federal court.  *Id.* § 1441(a).  In removed cases, the defendant bears the burden to establish jurisdiction.  *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Because federal courts are courts of limited jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved

---

[2] Only Count I potentially raises a federal question; Liberty does not argue that Plaintiff's claims for breach of implied contract and prima facie tort raise federal questions.
[3] Liberty does not argue that diversity jurisdiction exists, so the Court cabins its discussion to federal-question jurisdiction.

3

against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

Federal-question jurisdiction exists "under two circumstances: 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (quoting *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). The well-pleaded-complaint rule provides that federal-question jurisdiction exists only when the federal question "is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A court may consider only "the plaintiff's statement of his *own* cause of action" when determining whether a federal question exists. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) (emphasis added). "[The p]laintiff is the master of his complaint, and he 'may avoid federal jurisdiction by exclusive reliance on state law.'" *Indahl v. Modrall, Sperling, Roehl, Harris & Sisk, P.A.*, No. 18-cv-0540 KBM/KRS, 2018 WL 6478608, at *3 (D.N.M. Dec. 10, 2018) (quoting *Caterpillar Inc.*, 482 U.S. at 392). In determining whether to remand a case to state court, a court may properly consider whether the "[p]laintiff disavows any federal claims" in later briefing. *Id.* at *3.

Here, no federal question appears on the face of Plaintiff's Complaint. There is no reference to federal law in any part of the Complaint. *See* [Doc. 1-1] at 12–16. Plaintiff's Complaint therefore fails the well-pleaded-complaint rule. At best, the Complaint is ambiguous; both federal and state law could provide a remedy for employment-discrimination claims. Yet, "[f]ederal courts have repeatedly held that vague, ambiguous, or passing references to federal law

4

in a complaint are not sufficient to support removal based on federal[-]question jurisdiction." *Ambrose v. Grindell & Romero Ins., Inc.*, No. 17-cv-0681 MV/SMV, 2018 WL 1033201, at *4 (D.N.M. Feb. 23, 2018) (quoting *Shelley's Total Body Works v. City of Auburn*, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007)). Strictly construing § 1441, the Court resolves this ambiguity against removal.[4]

Liberty argues that, despite Plaintiff's failure to mention any federal law in his Complaint, his claim necessarily depends on adjudicating federal issues. *See* [Doc. 15] at 6. But Liberty identifies no federal employment-law issue that a court must resolve before adjudicating Plaintiff's state-law claims. Plaintiff claims that the only remedy for the alleged discrimination he seeks is under the Texas Labor Code, [Doc. 12] at 3, and Liberty fails to meet its burden to show otherwise.

Liberty next contends that Plaintiff's EEOC charge of discrimination supplies the basis for federal-question jurisdiction. [Doc. 15] at 7. According to Liberty, Plaintiff's cause of action *must* arise under federal law because Plaintiff claimed in his EEOC charge that Defendants discriminated against him in violation of Title VII and the ADEA. *Id.* The Court disagrees. An EEOC charge is not a pleading, *see* Fed. R. Civ. P. 7(a), and, therefore, the Court cannot look to it when determining whether federal-question jurisdiction exists under the well-pleaded-complaint rule.

---

[4] Liberty seems to argue that, if a complaint asserts a cause of action that "could have been brought" under both federal and state law, federal-question jurisdiction exists. *See* [Doc. 15] at 8 (citing *Six v. City of Moriarty*, No. 17-cv-1113 KG/KK, 2018 WL 3178297, at *3 (D.N.M. June 28, 2018)). As Liberty points out, however, the plaintiff's complaint in *Six* expressly invoked both state *and federal* constitutional law. *Id.* And, as Liberty argues, "Unlike the Complaint in *Six* . . . Plaintiff's Complaint did not cite to federal law." [Doc. 15] at 8. Because Plaintiff's Complaint here does not clearly state that he brings any cause of action under federal law, *Six* does not indicate that federal-question jurisdiction exists.

5

Though § 1446(b) permits a party to remove a case based upon allegations in "other paper[s]" outside the complaint, the District of New Mexico has repeatedly declined to consider EEOC charges in determining whether federal-question jurisdiction exists—including when the EEOC charge mentions federal employment laws like Title VII. In *Ulibarri v. Personnel Security Consultants, Inc.*, the District of New Mexico remanded the case, declining to consider an EEOC charge in which the plaintiff stated that he "was retaliated against . . . in violation of Title VII of the Civil Rights Act of 1964." No. 16-cv-0230 WJ/KBM, 2016 WL 10539000, at *3 (D.N.M. May 25, 2016). The defendants argued that this EEOC charge established federal-question jurisdiction. *See id.* Though "Plaintiff's reference to federal law in the Charge of Discrimination [did] lend some credence to Defendants' position," the court declined to rely on the charge because an EEOC charge does not bind a plaintiff to a certain cause of action:

> [T]he fact that Plaintiff previously filed a Charge of Discrimination seeking federal review and asserting a federal claim [under Title VII] does not forever bind him to federal law in a later Complaint that alleges only state law claims. The fact that the EEOC investigated Plaintiff's discrimination claim does not determine how Plaintiff may choose to plead his case. . . . Ultimately, the Court credits the plain reading of Plaintiff's Complaint and Plaintiff's statements in his Motion to Remand that he is only asserting state[-]law claims.

*Id.* Because the plain language of the complaint failed to request relief under federal law—solely praying for relief under the New Mexico Human Rights Act—the Court found that, "[a]t most," the EEOC charge simply raised an ambiguity between the EEOC charge and the complaint. *Id.* Resolving this ambiguity against removal, the court remanded the case. *Id.*

Similarly, in *Gonzalez v. Town of Edgewood*, the District of New Mexico declined to rely on an EEOC charge when determining subject-matter jurisdiction. No. 16-cv-0587 KG/KBM, 2018 WL 6026812, at *3 (D.N.M. Nov. 16, 2018). There, the complaint "[was] void of any

6

reference to Title VII"; it alleged retaliation under the New Mexico Human Rights Act. *Id.* Nonetheless, the defendants argued that federal-question jurisdiction existed, citing to an EEOC charge stating that the plaintiff "believed that [he] was retaliated against for my protected activity . . . in violation of Title VII." *Id.* Relying on *Ulibarri*, the court found this argument "unavailing." *Id.* Because an EEOC charge did not require the plaintiff to pursue a specific cause of action, and the plaintiff never pleaded a federal claim in the complaint, the court "[took] a similar view" as *Ulibarri* and remanded the case. *Id.* at *4; *see also Indahl*, 2018 WL 6478608, at *4 ("Judges in this district, however, have rejected the invitation to look at documents outside the complaint [like an EEOC charge] to determine if removal was proper and timely." (citing *Gonzalez*, 2018 WL 6026812, at *3)).

The Court finds *Ulibarri* and *Gonzalez* instructive and will apply them here. An EEOC charge merely represents a pre-suit indication of what lawsuit the plaintiff *could* file. *Cf. Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) ("Rather, this court requires clear and unequivocal notice [that a case may be removed] from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory."); *Golden Apple Mgmt. Co. v. GEAC Computs., Inc.*, 990 F. Supp. 1364, 1366 (M.D. Ala. 1998) (finding that a response denying a request for admission constituted "other paper" under § 1446(b)). Plaintiff remained free to bring whichever statutory or common-law action he chose. His EEOC charge "[did] not determine how [he] may choose to plead his case." *Ulibarri*, 2016 WL 10539000, at *3. The Court therefore agrees with *Ulibarri* and *Gonzalez* that, at most, the EEOC charge here simply reflects an ambiguity over whether Plaintiff intended to invoke federal or state law. As the Court must resolve ambiguities against removal, it will remand the case.

Finally, in his Motion to Remand, Plaintiff attests that he filed the EEOC charge simply to exhaust his administrative remedies and that he will prosecute his discrimination claim only under Chapter 21 of the Texas Labor Code. [Doc. 12] at 3–4. This express disavowal of assertion of a federal question weighs in favor of remand. *See Ulibarri*, 2016 WL 10539000, at *3; *Ambrose*, 2018 WL 1033201, at *5 ("Plaintiffs are masters of their complaint, and Defendants cannot impute federal claims that Plaintiffs have not pled and expressly disavow.").

**B.      The Court will deny Plaintiff's request for costs and expenses.**

Plaintiff requests his "court costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447(c)." [Doc. 12] at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The "key factor is the propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997). "[A]n award of fees under § 1447(c) is left to the district court's discretion . . . ." *Martin*, 546 U.S. at 139.

The Court declines to award Plaintiff his costs and expenses. Plaintiff's EEOC charge gave Defendant a reasonable basis for believing that Plaintiff was pursuing claims based on federal law. And although courts in the District of New Mexico have declined to consider statements in EEOC charges when determining federal-question jurisdiction, there is no controlling Tenth Circuit caselaw on the issue. Moreover, the Court finds no evidence that Defendant attempted the removal as a baseless dilatory tactic. *See Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp 3d 1234, 1267 (D.N.M. 2017).

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Remand [Doc. 12] is **GRANTED**. Plaintiff's request for costs and expenses is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**